IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MOIRA ROWAN, | : | No. 4:06-CV-2471 |
| | : | |
| Plaintiff, | : | (Judge Jones) |
| | : | |
| v. | : | (Magistrate Judge Mannion) |
| | : | |
| MICHAEL J. ASTRUE,[1] | : | |
| Commissioner of Social | : | |
| Security, | : | |
| | : | |
| Defendant. | : | |

**MEMORANDUM**

**February 6 , 2008**

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

On January 16, 2008, Magistrate Judge Malachy E. Mannion ("Magistrate

Judge Mannion" or "the Magistrate Judge") filed a Report reviewing the appeal of

the Commissioner's decision to deny Plaintiff Moira Rowan's ("Plaintiff" or

"Claimant") claim for Disability Insurance Benefits ("DIB"), which was filed

under Title II of the Social Security Act ("the Act"). See 42 U.S.C. §§ 401-433.

(Rec. Doc. 11). Magistrate Judge Mannion recommended that the case be

---

[1] Michael J. Astrue became the Acting Commissioner of Social Security, effective
February 12, 2007 to succeed Jo Anne B. Barnhart. Under Fed. R. Civ. P. 25(d)(1) and 42
U.S.C. § 405(g), Michael J. Astrue is automatically substituted as the defendant in this action.

1

remanded to the Commissioner.

On January 28, 2008, the Commissioner filed a letter advising the Court that "the Defendant hereby waives the opportunity to object to the Report and Recommendation entered by the Magistrate Judge in the above-referenced matter." (Rec. Doc. 12). Accordingly, this matter is ripe for disposition.

## STANDARD OF REVIEW:

When no objections are made to a magistrate's report, the district court is not statutorily required to review a magistrate judge's report before accepting it. See Thomas v. Arn, 474 U.S. 140, 149 (1985). According to the Third Circuit, however, "the better practice is to afford some level of review to dispositive legal issues raised by the report." Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987). When a district court accepts a magistrate judge's report, the report becomes the judgment of the court. Id.

## DISCUSSION:

We note initially that despite the lack of objection to the Report, we have a responsibility to review the Report, and we have done so. Indeed, our review of the Report led us to agree with the learned Magistrate Judge's determinations that: 1) there is a significant basis for a determination that the Administrative Law Judge ("ALJ") failed to afford adequate weight to the opinion of Plaintiff's

treating neurologist, Dr. Kerrigan; 2) there is a significant basis for a determination that the ALJ failed to demonstrate why the testimony of the medical expert, Dr. Galdieri, that Plaintiff could have been disabled as of her last insured date is not entitled to weight; and 3) there is a significant basis for a determination that the ALJ erred in formulating his hypothetical questions to the vocational expert, Mr. Starosta. Moreover, given that the Defendant's January 28, 2008 letter makes it entirely clear to this Court that the Commissioner is tossing in the proverbial towel, we see no reason to conduct a painstaking analysis of the Report. Rather, for the aforementioned reasons, we will adopt the Report in its entirety and remand this matter to the Commissioner for further proceedings consistent with the Report.

An appropriate Order shall issue.